BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  MIA S. BLACKLER (SBN: 188112)
  CRAIG C. CHIANG (SBN: 209602)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchiang@buchalter.com

Attorneys for Chapter 11 Trustee
KYLE EVERETT

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| In re | Case No. 12-46534 MEH |
|---|---|
| PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE | Chapter 11 |
| Debtor. | **MOTION FOR ORDER REQUIRING TURNOVER AND DISCLOSURE OF RECORDED INFORMATION UNDER 11 U.S.C. § 542(e)** <br> **(RANDALL WHITNEY, PACIFIC TRADING VENTURES, JILL WORSLEY)** |

Kyle Everett, the duly appointed, qualified and acting Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Pacific Thomas Corporation dba Pacific Thomas Capital dba Safe Storage ("PTC"), hereby moves the Court for an order under 11 U.S.C. § 542(e) requiring Randall Whitney ("Whitney"), Pacific Trading Ventures ("PTV"), and Jill Worsley ("Worsley") to turn over to the Trustee all recorded information in his/its/her possession, custody or control relating (1) to the above Debtor or (2) to any entity in which the Debtor has or had a legal or equitable interest, including but not limited to the following:

      a. A detailed accounting of all funds received, or disbursed, by non-debtor entities, on behalf of PTC in connection with the Premises, including, but not limited to, the Safe

Storage Facility for each of the 12 months immediately prior to PTC's bankruptcy filing date of August 6, 2012 (the "Petition Date") and each of the months from the Petition Date through the present, including, but not limited to, access to all system and source data for all the funds received or disbursed in connection with the Safe Storage Facility;

   b. All books and records, including, but not limited to, all banking statements and cancelled checks, detailing all funds received, or disbursed, by non-debtor entities, on behalf of PTC in connection with the Premises, including, but not limied to, the Safe Storage Facility, for each of the 12 months immediately prior to the Petition Date and each of the months from the Petition Date through the present, including, but not limited to, access to all system and source data;

   c. A historical rent roll, for each of the 12 months immediately prior to the Petition Date and each of the months from the Petition Date through the present, for all properties owned by PTC, including tenant payment dates, check numbers, and payment amounts, the period for which the tenant payments were made, and the current tenant unpaid balances;

   d. A list of the location(s) where any remaining books and records of PTC can be found;

   e. A copy of all of PTC's QuickBooks files, wherever located;

   f. All of PTC's books and records, whether or not they reside on computers belonging to PTC;

   g. All monthly expense reconciliations between PTC and PTV;

   h. All business records of any dba of PTC, including, but not limited to, Safe Storage and Pacific Thomas Capital, or a statement under penalty of perjury that no business records of such dba exist;

   i. For each transfer that PTV has made to PTC since the Petition Date, (i) the PTV check number (or identification of wire transfer), (ii) the transfer date, (iii) the tenant(s) for which the transfer is made, (iv) the location of the property and number of spaces used if it is for parking; and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

2
**MOTION FOR ORDER REQUIRING TURNOVER AND DISCLOSURE OF RECORDED INFORMATION UNDER 11 U.S.C. § 542(E)**
13409679v1

Case: 12-46534 Doc# 239 Filed: 04/11/13 Entered: 04/11/13 17:37:14 Page 2 of 3

j. All documents relating to all insurance policies covering some or all of the Premises.

Whitney is the Chief Operating Officer and Chairman of the Board of PTC. PTV is the manager of the Safe Storage Facility. Worsley is PTV's Chief Operating Officer. The Trustee is in need of the specified documents so that he may perform his duties under the Bankruptcy Code.

Section 542(e) of the Bankruptcy Code provides as follows:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the Trustee.

Based on the express language of Section 542(e), a motion for an order may be made on a "notice and opportunity for hearing" basis, as opposed to commencement of an adversary proceeding as would be required under other subsections of Section 542.

The Trustee contends that good cause exists for the Court to issue an order compelling Whitney, PTV, and Worsley to turn over all recorded information relating to the Debtor or relating to any entity in which the Debtor has or had any legal or equitable interest.

WHEREFORE the Trustee requests an order compelling Whitney, PTV, and Worsley to turn over to the Trustee within 10 calendar days of service of the order all recorded information of any kind in its actual or constructive possession relating to the above Debtor or to any entity in which the Debtor has or had any legal or equitable interest.

DATED: April 11, 2013

BUCHALTER NEMER
A Professional Corporation

By: /s/ Craig C. Chiang
Craig C. Chiang
Attorneys for Chapter 11 Trustee
KYLE EVERETT